# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STEPHANIE ORR,<br>   Plaintiff,<br><br>             v.<br><br>CAPITAL ONE AUTO FINANCE,<br>   Defendant. | Civil Action No.<br>1:23-cv-00382-SDG |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Stephanie Orr's objections [ECF 41] to the Final Report and Recommendation (R&R) entered by United States Magistrate Judge Christopher C. Bly [ECF 33], which recommends granting Defendant Capital One Auto Finance's motion for summary judgment. Orr's objections were filed on September 17, 2024, one day after this Court's Order adopting the R&R and the Clerk's entry of judgment in favor of Capital One. In light of Orr's *pro se* status, the Court will consider her untimely objections. Accordingly, the Court's September 16, 2024 Order adopting the R&R [ECF 39] and the Clerk's entry of judgment [ECF 40] are hereby **VACATED**.

After careful consideration of the record and Orr's objections, the Court **OVERRULES** the objections and **ADOPTS** the R&R in its entirety. Capital One's motion for summary judgment [ECF 28] is **GRANTED**.

I.      **Factual Background**

Orr brings this action against Capital One for violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. § 6801 *et seq.*, in relation to Orr's purchase of two vehicles with financing from Capital One.[1] Orr brings six claims: (1) she did not receive a cash advance in return for a finance charge in connection with a purchase money loan, in violation of TILA; (2) she did not receive the full disclosures required by TILA regarding a purported right of rescission, the applicable finance charge, and the annual percentage rate; (3) Capital One furnished her personal information to credit agencies without her consent and without the disclosures required by GLBA; (4) the underlying loan agreement was electronically signed and therefore fraudulent, and Capital One furnished copies of the allegedly fraudulent contract in violation of the FDCPA; (5) she was coerced into paying an "illegal down payment" in violation of TILA; and (6) Capital One made several threats to repossess her vehicle and collect on the alleged debt in violation of the FDCPA, and Capital One has not validated her debt.[2]

---

[1]     ECF 5, at 6–7.

[2]     *Id.*

Capital One moved for summary judgment on January 8, 2024.[3] Plaintiff's response did not address Capital One's accompanying statement of facts, and thus the magistrate judge deemed those facts admitted pursuant to LR 56.1(B)(2)(a)(2), NDGa.[4]

In its Statement of Undisputed Material Facts and exhibits, Capital One showed that, on April 22, 2015, Orr purchased a 2015 Chevy Malibu pursuant to a Retail Installment Sale Contract (RISC), for a total sale price of $33,885.20.[5] Capital One financed Orr's purchase of the 2015 Chevy, and the total sale price was comprised of $18,434.00 for the value of Orr's trade-in vehicle, $11,548.26 of financing, and a finance charge of $3,902.94.[6] These three figures were disclosed on the first page of the RISC.[7] The 2015 Chevy was repossessed after Orr defaulted but was subsequently returned after payment by Orr.[8]

On September 26, 2022, Plaintiff purchased a 2021 Hyundai Sonata pursuant to a second RISC, for a total sale price of $40,584.24.[9] Capital One also financed

---

[3]  ECF 28.

[4]  ECF 33, at 2–3.

[5]  ECF 28-1, ¶ 1.

[6]  *Id.* ¶¶ 2, 3.

[7]  ECF 28-2, Ex. A.

[8]  ECF 28-1, ¶ 5.

[9]  *Id.* ¶ 6.

Orr's purchase of the 2021 Hyundai, and the total sale price was comprised of $26,334.84 of financing and a finance charge of $14,249.40.[10] These two figures were disclosed on the first page of the second RISC.[11] Orr made only one payment towards the 2021 Hyundai, but Capital One has not attempted to repossess the vehicle.[12]

## II.   Procedural Background

After reviewing the parties' submissions and the record, Judge Bly issued an R&R on August 19, 2024, recommending that Capital One's motion for summary judgment be granted as to all of Plaintiff's claims.[13] On September 3, Orr moved for an extension of time to file objections, and Judge Bly extended the deadline until September 13.[14]

On September 16, 2024, having received no objections to the R&R, undersigned reviewed the R&R for plain error pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72 and found none.[15] Accordingly, undersigned adopted the

---

10   *Id.* ¶¶ 7, 8.
11   ECF 28-2, Ex. B.
12   ECF 28-2, ¶¶ 12–14.
13   ECF 33, at 21.
14   ECF 36, 37.
15   ECF 39.

R&R in its entirety and granted Capital One's motion for summary judgment.[16] The Clerk entered judgment in favor of Capital One the same day.[17]

On the following day, September 17, Orr filed objections to the R&R.[18] Orr objects to four portions of the R&R, all apparently pertaining to her TILA claim. First, Orr reiterates that she did not receive a cash advance in exchange for a finance charge. Second, Orr argues that a right of rescission referenced in 15 U.S.C. § 1635 should apply to her vehicle purchases. Third, Orr reasserts that the disclosures in the RISCs were not clear and conspicuous. Fourth, Orr repeats her argument that she was coerced into making an illegal down payment.

### III.   Legal Standard

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1360–61 (11th Cir. 2009). The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to

---

[16]  *Id.*

[17]  ECF 40.

[18]  ECF 41.

which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b), advisory committee's note. The Court has broad discretion in reviewing a magistrate judge's report and recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Id.* at 1290–92. Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## IV.  Discussion

At the outset, the Court notes that Orr's objections are largely restatements of her claims, which Judge Bly thoroughly reviewed in the first instance. As such, Orr's objections are the sort of frivolous and conclusive objections that the Court need not consider. *Id.* However, the Court will briefly address each one.

### A. Cash Advance

Orr restates her claim that she did not receive a cash advance in exchange for a finance charge,[19] which according to Orr renders her RISCs null and void under 16 C.F.R. § 433.1(d).[20] As Judge Bly noted, the provision cited by Orr is simply a definition of the term "purchase money loan."[21] In her objections, Orr provides no explanation as to why this definition, standing alone, would serve to invalidate the RISCs, assuming the definition did apply. Therefore, Orr's first objection is **OVERRULED**.

### B. Right of Rescission

Orr argues that the right of rescission referenced in 15 U.S.C. § 1635 should apply to her vehicle purchases here, and Capital One failed to fully disclose this right.[22] As Judge Bly noted, the plain text of § 1635 provides that the right of rescission only applies to transactions where a security interest is retained in the borrower's home, and here both RISCs governed the purchase of a vehicle.[23] Orr's reference to § 1635(i) — in particular, § 1635(i)(4)'s provision that "[t]his subsection

---

[19] ECF 41, at 2.

[20] ECF 5, at 6.

[21] ECF 33, at 10–11 (citing 16 C.F.R. § 433.1(d)).

[22] ECF 41, at 3.

[23] ECF 33, at 11–14 (citing 15 U.S.C. § 1635(a); *Haywood v. Ally Auto Fin.*, 2022 WL 18777548, at *3 (Nov. 10, 2022), *adopted by* 2022 WL 18777549 (N.D. Ga. Dec. 2, 2022); *Orr v. Kia Fin. Am.*, 2024 WL 2941490, at *9 (N.D. Ga. Apr. 29, 2024)).

7

shall apply to all consumer credit transactions in existence or consummated on or after September 30, 1995"—does not change this conclusion, as this provision simply establishes the effective date of subsection (i), which by its terms only applies "after the initiation of any judicial or nonjudicial foreclosure process on the primary dwelling of an obligor securing an extension of credit." 15 U.S.C. § 1635(i)(1), (2). Therefore, § 1635 is inapplicable, and Orr's second objection is **OVERRULED**.

### C.  Lack of Clear Disclosures

In Orr's third objection, she repeats her claim that the RISCs did not make the necessary TILA disclosures in a clear and conspicuous manner as required by 15 U.S.C. § 1638(a).[24] Judge Bly concluded that the RISCs provided all of the information required.[25] Orr argues that "[t]he complexity and structure of the contract obscured key terms, leaving [her] without a full understanding of the finance charge or APR."[26] However, the Court notes that both RISCs disclose the finance charge and annual percentage rate on their respective first pages and

---

[24]  ECF 41, at 3.

[25]  ECF 33, at 15.

[26]  ECF 41, at 3.

define those terms, and the terms are highlighted by a bold outline.[27] Therefore, Orr's third objection is **OVERRULED**.

### D. Illegal Down Payment

Orr's fourth objection states that Judge Bly overlooked 15 U.S.C. § 1662(2) in granting summary judgment on her claim that she was "coerced into paying an illegal down payment" for the 2015 Chevy.[28] Section 1662(2) provides that "[n]o advertisement to aid, promote, or assist directly or indirectly any extension of consumer credit may state . . . that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount." However, Orr has never referenced an advertisement as to any specified down payment. Therefore, § 1662(2) is inapplicable.

At most, Orr stated in her response to Capital One's motion for summary judgment that Capital One required a down payment for the 2015 Chevy.[29] But that down payment was disclosed on the front page of the RISC and reflected in the amount financed, and therefore in the finance charge.[30] Nor does Orr explain

---

[27] ECF 28-2, Ex. A, Ex. B.

[28] ECF 41, at 4; ECF 5, at 7.

[29] ECF 32, ¶ 4.

[30] ECF 28-2, Ex. A.

how she was "forced" or "coerced" into making the down payment in the first place. As noted by Judge Bly, none of the remaining statutes referenced by Orr provide support for the contention that Capital One required Orr to make an illegal down payment in connection with her purchase of the 2015 Chevy.[31] For all of these reasons, Orr's fourth objection is **OVERRULED**.

## V. Conclusion

The Court's September 16, 2024 Order adopting the R&R [ECF 39] and the Clerk's entry of judgment in favor of Capital One [ECF 40] are **VACATED**.

Orr's objections to the R&R [ECF 41] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 33] as the Order of this Court. Capital One's motion for summary judgment [ECF 28] is **GRANTED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 8th day of November, 2024.

_____
Steven D. Grimberg
United States District Judge

---

[31] ECF 33, at 15.